IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY T. GREENE,

    Plaintiff,

v.

DONALD J. TRUMP, ET AL.,

    Defendants.

OPINION and ORDER

Case No. 18-cv-915-wmc

---

*Pro se* plaintiff Jeremy Greene has filed a proposed civil complaint against defendants Donald J. Trump, Scott Walker, Jon. E. Litscher, Cathy Jess, Randall Hepp and Gary Boughton. Between his various filings and motions, Greene appears to allege that he was transferred from the Fox Lake Correctional Institution ("FLCI") to segregation-type conditions at the Wisconsin Secure Program Facility ("WSPF") as a result of a false sexual assault charge and has since suffered "physical and sexual" assaults. Because Greene is a prisoner and proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to determine whether he may proceed with the case. While Green may be held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this lawsuit is subject to dismissal for failure to state a claim.

## OPINION

Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file

1

an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Greene has not included *any* allegations suggesting that he might have a constitutional claim against any of the named defendants. For one, he does not include any allegations that actually involve the named defendants, a prerequisite for liability under § 1983. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation."). Nor can the court discern whether the seemingly unrelated defendants were actually involved in the same events.

Even setting aside the problem of personal involvement, Greene's allegations do not support a constitutional claim. For example, if Greene would like to pursue a claim related to the assaults he incurred, such a claim would fall under the Eighth Amendment. Yet for a plaintiff to succeed on an Eighth Amendment excessive force claim, he must submit evidence that the prison official acted "wantonly or, stated another way, 'maliciously and sadistically for the very purpose of causing harm.'" *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 296 (1991)). Relevant factors are: (1) the need for the application of force; (2) the relationship between that need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of threat to the safety of staff and inmates, as reasonably perceived by the responsible officials based on the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Whitley v. Albers*, 475 U.S. 312, 321 (1986).  Because prison officials must sometimes use force to maintain order, the central inquiry is whether the force "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 320-21 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).  Beyond the fact that Greene has failed to attribute the alleged assaults to any individual at all, much less a named defendant, his vague allegations about the assaults are simply insufficient to permit an inference that any prison official violated the Eighth Amendment.

To the extent that Greene would like to challenge his transfer to the segregation-type conditions typical at WSPF, such a claim would fall under the Fourteenth Amendment's due process clause.  The Fourteenth Amendment's due process clause prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law."  To state a § 1983 procedural due process claim, Greene must allege that he (1) has a cognizable liberty or property interest; (2) suffered a deprivation of that interest; and (3) did not receive due process.  *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010).  The Supreme Court has held that short-term placement in segregation generally does not qualify as a deprivation of liberty within the meaning of the due process clause. *Sandin v. Connor*, 515 U.S. 472, 486 (1995).  The Court of Appeals for the Seventh Circuit has extended the rule in *Sandin* to cover terms of segregation of at least 90 days.  *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005); *see also Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009) (holding that a prisoner's confinement in segregation for 240 days may implicate a liberty interest).

Placement in administrative confinement requires only "an informal, nonadversary evidentiary review," under which the "inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether the transfer him to administrative segregation." *Hewitt v. Helms*, 459 U.S. 460, 476 (1983); *accord Westefer v. Neal*, 682 F.3d 679, 684–85 (7th Cir. 2012).

Here, since Greene has alleged so little about his confinement -- not even the amount of time he has been in segregation -- it would be unreasonable to infer that he has suffered a loss of liberty. Even assuming that his time in segregation, combined with the conditions he endured, could implicate a liberty interest, Greene has not included any allegations related to the process he received prior to his transfer, further dooming this claim.

Accordingly, the court is dismissing Greene's complaint, but will give him a short window of time in which to file an amended complaint. In crafting it, Greene must draft his amended complaint using the standards laid out above, and write it as if he were telling a story to people who know nothing about his situation. He should state (1) what acts he believes violated his rights; (2) what specific rights were violated; (3) who committed each act; and (4) what relief he wants the court to provide. Greene should also be mindful that under Federal Rule of Civil Procedure 20, if he asserts claims against multiple defendants, the claims must arise out of the same transaction or occurrence. Furthermore, based on plaintiff's allegations, it would appear that he would like to proceed against defendants Trump and Walker because he believes them to be suable in their supervisory capacities. However, a supervisor may be liable under § 1983 only if they "know about the conduct

4

and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see[.]" *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Since it is highly unlikely that either of these defendants had such knowledge, Greene should consider dropping these two defendants from his amended complaint. If Greene fails to submit an amended complaint by the deadline set below, the court will dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted.

Finally, plaintiff filed a motion for assistance in recruiting counsel (dkt. #9), in which he complains that he lacks the resources and legal expertise to litigate his claims, and a motion for preliminary injunction (dkt. #15). At this stage, however, the court is simply trying to discern whether plaintiff has a cognizable federal claim, and his obligation is straightforward: he is required to review this order and do his best to articulate the factual bases for his claims. The court is not persuaded that plaintiff lacks the ability to do that. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Nor is the court persuaded that he has alleged sufficient facts to consider his request for injunctive relief. Accordingly, the motion will be denied without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy T. Green may have until **July 17, 2019, to submit an amended complaint that complies with Rule 8.**

2. **If plaintiff does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2).**

3. Plaintiff's motions for assistance in recruiting counsel (dkt. #9) and motion for preliminary injunction (dkt. #15) are DENIED without prejudice.

Entered this 26th day of June, 2019.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge